UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL J. GRIFFITH,

        Plaintiff,

-v-                                                                  Case No. 22-10495

ALTA EQUIPMENT COMPANY, INC.,
ALTA ENTERPRISES, LLC, and ALTA
EQUIPMENT HOLDINGS, INC., Jointly
and Severally,

        Defendants.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
E-mail:  joey@wrongfullydischarged.com

Street Address:
30445 Northwestern Hwy., Ste. 250
Farmington Hills, MI  48334
_____/

## Complaint and Demand for Jury Trial

NOW COMES the plaintiff, Samuel J. Griffith, by and through his attorneys, The Niskar Law Firm, PLLC, and in support of his complaint against the defendants, jointly and severally, hereby states as follows:

-1-

## A. Statement of Jurisdiction

1. The plaintiff is a resident of the County of St. Clair, State of Michigan.

2. Defendant, Alta Equipment Company, Inc., is a Michigan Corporation, with its registered office located in the City of Livonia, County of Wayne, State of Michigan, and which maintains its principal place of business, and regularly conducts business in the County of Wayne, State of Michigan.

3. Defendant, Alta Enterprises, LLC, is a Michigan limited liability company, which regularly conducts business in the County of Wayne, State of Michigan.

4. Defendant, Alta Equipment Holdings, Inc., is a Michigan Corporation, with its registered office located in the City of Livonia, County of Wayne, State of Michigan, and which maintains its principal place of business, and regularly conducts business in the County of Wayne, State of Michigan.

5. As the defendants reside in and/or regularly conduct business in the County of Wayne, State of Michigan, this Honorable Court possesses personal jurisdiction over the defendants.

6. Plaintiff alleges violations of the Americans with Disabilities Act, 42 USC § 12101, *et seq*. ("ADA"). Therefore, this Honorable Court possesses subject matter jurisdiction over this case pursuant to 28 USC § 1331 and 42 USC § 12117(a). This Honorable Court possesses supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367.

7. The violations of the ADA and applicable state law alleged herein occurred in whole, or in substantial part, in the County of Wayne, State of Michigan. Therefore, venue is proper in the United States District Court for the Eastern

District of Michigan, Southern Division, pursuant to 28 USC § 1391.

## B. Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

8. Plaintiff was employed by defendants, individually and collectively, as a forklift field service technician (also referred to as a road technician or road mechanic). He began his employment in or around September of 2014.

9. In or around early 2019, plaintiff was diagnosed with cancer.

10. Around the beginning of March of 2019, plaintiff took a medical leave of absence from work due to his condition.

11. Plaintiff returned to work around July of 2019.

12. Plaintiff notified defendants that he would be needing surgery for his condition, but that the date of the surgery was then unknown.

13. Toward the end of August 2019, plaintiff learned that his surgery would take place on September 11, 2019. Plaintiff immediately notified defendants of the date of his upcoming surgery, and that he would need an additional leave of absence lasting approximately two months (i.e., until the middle portion of November 2019).

14. Plaintiff underwent surgery on or about September 11, 2019 and took the aforementioned temporary medical leave of absence as a result.

15. Less than one month into plaintiff's leave, on or about October 9, 2019, defendants terminated plaintiff's employment, with the offered reason being

plaintiff's absences from work due to his medical condition and/or defendants' refusal to permit him to complete his leave of absence necessitated by his cancer treatment.

16. Defendants failed to engage in any interactive process with plaintiff to determine what reasonable accommodation(s) plaintiff may need and/or the extent of the needed accommodation(s), before terminating his employment.

17. Plaintiff was released to return to work around the middle of November 2019 as originally planned, and was then able to perform the essential functions of his job position.

18. Plaintiff's entire period of requested leave from September 11, 2019 until his release to return to work in the middle of November 2019 was a needed and reasonable accommodation defendant was obligated to provide, and thus protected under the ADA and the Michigan Persons with Disabilities Act, MCL § 37.1101, *et seq*. ("PWDCRA").

19. Upon completion of his leave in the middle of November 2019, plaintiff requested to be reinstated into his job position, or a substantially equivalent job position.

20. Plaintiff's job position and/or substantially equivalent job positions were open and available with defendants at the time plaintiff requested reinstatement.

21. Defendants nonetheless refused to reinstate plaintiff into his prior job position and/or an available substantially equivalent job position which was open and available.

22. From the time plaintiff was released to return to work from his leave of absence onward, defendants have posted numerous job openings for a forklift field service technician for which plaintiff was qualified. Plaintiff applied for numerous such job openings with defendants. Yet, defendants have refused to hire him for those open job positions without a valid or legitimate reason.

23. From the time plaintiff was released to return to work from his leave of absence onward, defendants have posted numbers job openings for other job positions for which plaintiff was qualified. Plaintiff applied for numerous such job openings with defendants. Yet, defendants have refused to hire him for those open job positions without a valid or legitimate reason.

24. Any proffered non-discriminatory or non-retaliatory reason for defendants' refusal to hire plaintiff for any of the open job positions for which he applied and was qualified are false, insufficient to motivate defendants' decision(s) and/or did not motivate defendants' decision(s) and are thus a pretext for unlawful disability discrimination and/or unlawful retaliation in violation of the ADA.

25. Defendants failed to accommodate plaintiff, terminated plaintiff, refused to reinstate plaintiff, and refused to re-hire plaintiff in violation of the ADA and PWDCRA.

26. Defendant acted with malice or with reckless indifference to plaintiff's rights under the ADA.

### C. Count I – Violations of the Americans With Disabilities Act, 42 USC § 12101, *et seq*; Disability Discrimination, Failure-to-Accommodate, Regarded-As Disabled; Record of a Disability and Retaliation

Plaintiff incorporates all prior averments, as if fully set forth herein.

27. Plaintiff was at all pertinent times a qualified individual with a disability within the meaning of 42 USC § 12111(8).

28. Defendants are individually and/or collectively employers within the meaning of 42 USC § 12111(5), and are subject to the prohibitions against discrimination on the basis of disability and retaliation contained in the ADA.

29. Plaintiff's cancer constituted a disability under the ADA.

30. Plaintiff was qualified for the job he held, and could perform the essential job functions of the job with or without reasonable accommodation.

31. Defendants were placed on notice of plaintiff's need for reasonable accommodation, specifically including an additional temporary leave of absence.

32. Defendants failed to timely and/or adequately engage in the mandatory interactive process required by the ADA prior to refusing plaintiff reasonable accommodation and/or terminating plaintiff's employment.

33. Defendants failed and/or refused to provide plaintiff reasonable accommodation, including that of the aforementioned additional temporary leave of absence (including reinstatement), and terminated plaintiff's

employment due to the at-issue period of absence and/or and/or defendants' refusal to permit him to complete his leave of absence for his cancer.

34. Defendants violated the ADA, and are jointly and severally liable to plaintiff under the ADA for:

   a. Terminating plaintiff because of plaintiff's disability, because defendants regarded plaintiff as having a disability, and/or because plaintiff had a record of having a disability;
   b. Failing to afford plaintiff a reasonable accommodation, including but not limited to additional leave time from October 9, 2019 to his release to return to work in the middle period of November 2019;
   c. Failing to engage in the mandatory interactive process with plaintiff to determine the existence and nature of one or more reasonable accommodations and/or the extent of the needed accommodation(s);
   d. Failing to timely reinstate plaintiff to his pre-leave job position, or a substantially equivalent position;
   e. Retaliating against plaintiff for engaging in protected activity, including but not limited to the taking of leave, seeking and requesting timely reinstatement to his pre-leave job position or a substantially equivalent position, and/or for filing a charge of discrimination under the ADA;
   f. Refusing to hire/re-hire plaintiff for one or more of the open job positions for which plaintiff was qualified and applied, and which defendants advertised as being open and available, because of plaintiff's disability, because defendants regarded plaintiff as having a disability, because plaintiff had a record of having a disability, and/or in retaliation for plaintiff exercising rights under the ADA.

35. Defendants' violations of the ADA were done with malice and/or reckless indifference to plaintiff's rights, thereby subjecting defendants to punitive damages, in addition to all other damages available at law.

36. As a direct and proximate result of defendants' violations of the ADA, plaintiff suffered emotional distress, mental anguish, pain and suffering, as

well as aggravation of any existing conditions.

37. As a direct and proximate result of defendants' violations of the ADA, plaintiff suffered economic damages including loss of wages, loss of benefits, back pay, loss of future wages, loss of employability and any incurred medical expenses.

38. Plaintiff hereby seeks the recovery of all compensatory (past and future economic and non-economic damages) available under the law, litigation costs, interest, and all punitive and exemplary damages available at law, as well as all attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to the ADA.

39. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order declaring that defendants have violated the ADA as set forth above, compelling the defendants to reinstate plaintiff to his former position, restore all seniority rights and/or opportunities for promotion, prohibiting defendants from further violations of the ADA, prohibiting defendants from taking any adverse employment action against plaintiff in retaliation for exercising his rights under ADA, and prohibiting defendants from taking any adverse employment action against plaintiff except upon a showing of just and good cause. Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby

seeks recovery of all other damages listed in this complaint, including compensatory damages, back-pay, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, punitive damages, costs, interest, etc.

**D.  Count II – Violation of the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq*; Disability Discrimination, Failure-to-Accommodate, Record of Disability; Regarded-As Disabled and Retaliation**

Plaintiff incorporates all prior averments, as if fully set forth herein.

40. Plaintiff has at all times been a person with a disability within the meaning of MCL § 37.1103(h) whose disability qualifies as such under MCL § 37.1103(d), and an "individual" within the meaning of MCL § 37.1202.

41. Defendants are individually and/or collectively a "person" within the definition and meaning of MCL § 37.1103(g), and an "employer" within the meaning of MCL § 37.1201(b), and are subject to the prohibitions against discrimination on the basis of disability and retaliation contained in the PWDCRA.

42. Plaintiff was qualified for the job he held, and could perform the essential job functions of the job with or without reasonable accommodation.

43. Defendants were placed on notice of plaintiff's need for reasonable accommodation, specifically including an additional temporary leave of absence.

44. Defendants failed to timely and/or adequately engage in the mandatory

interactive process required by the PWDCRA prior to denying plaintiff reasonable accommodation and/or terminating his employment.

45. Defendants failed and/or refused to provide plaintiff reasonable accommodation, including that of the aforementioned additional temporary leave of absence (including reinstatement), and terminated plaintiff's employment due to the at-issue period of absence and/or and/or defendants' refusal to permit him to complete his leave of absence for his cancer.

46. Defendants violated the PWDCRA, and are jointly and severably liable to plaintiff under the PWDCRA for:

   a. Terminating plaintiff because of plaintiff's disability, because defendants regarded plaintiff as having a disability, and/or because plaintiff had a record of having a disability;
   b. Failing to afford plaintiff a reasonable accommodation, including but not limited to additional leave time from October 9, 2019 to his release to return to work in the middle period of November 2019;
   c. Failing to engage in the mandatory interactive process with plaintiff to determine the existence and nature of one or more reasonable accommodations and/or the extent of the needed accommodation(s);
   d. Failing to timely reinstate plaintiff to his pre-leave job position, or a sufficiently equivalent position;
   e. Retaliating against plaintiff for engaging in protected activity, including but not limited to the taking of leave, seeking and requesting timely reinstatement to his pre-leave job position or a sufficiently equivalent position, and/or for filing a charge of discrimination under the PWDCRA;
   f. Refusing to hire/re-hire plaintiff for one or more of the open job positions, for which plaintiff was qualified and applied, and which defendants advertised as being open and available, because of plaintiff's disability, because defendants regarded plaintiff as having a disability, because plaintiff had a record of having a disability, and/or in retaliation for plaintiff exercising rights under the PWDCRA.

47. Defendants' violations of the PWDCRA were done with malice and/or reckless indifference to plaintiff's rights, thereby subjecting defendants to exemplary damages, in addition to all other damages available at law.

48. As a direct and proximate result of defendants' violations of the PWDCRA, plaintiff suffered emotional distress, mental anguish, pain and suffering, as well as aggravation of any existing conditions.

49. As a direct and proximate result of defendants' violations of the PWDCRA, plaintiff suffered economic damages including loss of wages, loss of benefits, back pay, loss of future wages, loss of employability and any incurred medical expenses.

50. Plaintiff hereby seeks the recovery of all compensatory (past and future economic and non-economic damages) available under the law, litigation costs, interest, and all punitive and exemplary damages available at law, as well as all attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to the PWDCRA.

51. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order declaring that defendants have violated the PWDCRA as set forth above, compelling the defendants to reinstate plaintiff to his former position, restore all seniority rights and/or opportunities for promotion, prohibiting defendants from further violations

of the PWDCRA, prohibiting defendants from taking any adverse employment action against plaintiff in retaliation for exercising his rights under PWDCRA, and prohibiting defendants from taking any adverse employment action against plaintiff except upon a showing of just and good cause. Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including compensatory damages, back-pay, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, exemplary damages, costs, interest, etc.

WHEREFORE plaintiff respectfully requests this Honorable Court to enter judgment in his favor, and against defendants, jointly and severally, for all compensatory (past and future economic and non-economic damages) available under the law, punitive damages, exemplary damages, litigation costs, expert witness fees and costs, pre-judgment and post-judgment interest, as well as all attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to the ADA and the PWDCRA.

Respectfully submitted,

By: /s/ Joey S. Niskar
JOEY S. NISKAR (P55480)
Attorney for Plaintiff
30445 Northwestern Hwy., Ste. 250
Farmington Hills, MI  48334
(248) 702-6262

Dated:  March 7, 2022                                  E-mail:  joey@wrongfullydischarged.com

UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL J. GRIFFITH,

        Plaintiff,

-v-                                                    Case No. 22-10495

ALTA EQUIPMENT COMPANY, INC.,
ALTA ENTERPRISES, LLC, and ALTA
EQUIPMENT HOLDINGS, INC., Jointly
and Severally,

        Defendants.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
E-mail:  joey@wrongfullydischarged.com

Street Address:
30445 Northwestern Hwy., Ste. 250
Farmington Hills, MI  48334
_____/

**DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, Samuel J. Griffith, and hereby demands a trial by jury on all issues in this case.

        Respectfully submitted,

        THE NISKAR LAW FIRM, PLLC

        By: /s/ Joey S. Niskar
        JOEY S. NISKAR (P55480)
        Attorney for Plaintiff
        30445 Northwestern Hwy., Ste. 250
        Farmington Hills, MI 48334
        (248) 702-6262

Dated: March 7, 2022        E-mail: joey@wrongfullydischarged.com